NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ALFONSO J. LONGO and JANET LONGO,** | : | **Civil Action No. 07-04372 (MLC)** |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **REPORT & RECOMMENDATION** |
| | : | |
| **FIRST NATIONAL MORTGAGE SOURCES, US CERTIFIED SIGNERS, LENDER'S FIRST CHOICE, FIRST NATIONAL BANK, SAXON MORTGAGE, NEW CENTURY MORTGAGE, MICHAEL LEFRENAIS, DAVID LAWRENCE, JOHN DOES 1-10, ABC COMPANIES 1-10,** | : | |
| | : | |
| Defendants. | : | |

**U.S.M.J., ARPERT**

This matter comes before the Court on a Motion by Defendant First National Bank ("Defendant" or "FNB") for enforcement of a Settlement Agreement against *pro se* Plaintiffs Alfonso Longo and Janet Longo (collectively, "Plaintiffs") [dkt. entry no. 75]. Plaintiffs opposed Defendant's Motion [dkt. entry no. 77]. Pursuant to 28 U.S.C. § 636(b)(1) this matter was referred here for a Report and Recommendation. The Court has reviewed and fully considered the parties' submissions and conducted oral argument on June 21, 2010. For the reasons set forth below, the Court recommends that the Defendant's Motion be granted.

**I.   BACKGROUND**

On September 12, 2007, Plaintiffs brought suit against FNB and several other defendants based on defendants' alleged fraud, among other things, in connection with the refinancing of

Plaintiffs' home mortgage loan. (Def's Br. at 4). Plaintiffs were initially represented by Drinker Biddle & Reath LLP. Subsequently, they retained Lite, DePalma, Greenberg & Rivas where Attorney Jennifer Sarnelli was their primary contact.

FNB contends that on July 7, 2008, Ms. Sarnelli agreed, in writing, to accept FNB's $5,000.00 settlement offer. *Id*. at 10. FNB also contends that on July 9, 2008, Ms. Zippilli, counsel for FNB, informed Ms. Sarnelli that FNB would issue a check payable directly to her firm to which Ms. Saranelli responded "perfect." *Id*. at 4. FNB further contends that on July 9, 2008, Ms. Zippilli informed Ms. Sarnelli that her office would forward a written agreement that day. *Id.* FNB further contends that on July 10, 2008, Ms. Sarnelli contacted Ms. Zippilli regarding the proposed language of the Settlement Agreement and Mutual Release and over the next few days they negotiated the precise language of the Agreement. *Id.* FNB maintains that on July 16, 2008, Ms. Sarnelli informed Ms. Zippilli that the revised Agreement was acceptable but her clients "have just indicated they have reconsidered the settlement they previously agreed to with [FNB]" and were no longer interested in settling with FNB. *Id* at 5. Plaintiffs' counsel advised that the Plaintiffs had directed her to repudiate an agreement that was made with their authority. Shortly thereafter, her firm filed a motion to withdraw as counsel for Plaintiffs, which this Court granted. *See* [dkt. entry no. 48]. To date, Plaintiffs have not retained new counsel and are proceeding *pro se*. FNB has filed the instant Motion to enforce the settlement it claims to have negotiated with Plaintiffs on July 7, 2008.

In opposition, Plaintiffs contend that in early July 2008, Ms. Sarnelli advised them that FNB had offered $5,000.00 to settle their case. (Pls.' Opp'n Br. at 3). Plaintiffs acknowledge that on July 7, 2008 they contacted Ms. Sarnelli and tentatively agreed to settle with FNB but

2

also expressed their desire to pursue their claims against FNB.  *Id.*  On July 15, 2008, Plaintiffs sent an e-mail to their counsel stating in part that "Al and I respectfully disagree with your decision to release First National Bank.  After careful consideration we do not want the money they have offered.  I ask you to reconsider your decision and let the court decide if they should be dismissed." *Id.* at Ex. 4.  Plaintiffs maintain that a settlement between the parties was not achieved since they were not copied on the email exchanges between Ms. Sarnelli and Ms. Zippilli and they never executed a final written settlement agreement.  *Id.* at 5, 11.  Finally, Plaintiffs contend that they did not make an informed decision to settle as they were not fully apprised of the merits of their case.  *Id*. at 5.

## II.   DISCUSSION

A settlement agreement is a type of contract.  *See Mortellite v. Novartis Crop Prot.*, *Inc.,* 460 F.3d 483, 492 (3d Cir. 2006) (citing *Borough of Haledon v. Borough of N. Haledon*, 358 N.J. Super. 289, 305 (App. Div. 2003)).  Consequently, this Court looks to New Jersey contract law to determine whether an enforceable settlement agreement has been reached.  *See U.S. v. Lightman*, 988 F.Supp. 448 (D.N.J. 1997).  In New Jersey, there is a strong public policy in favor of settlements.  *See Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990).  Courts will "strain to give effect to the terms of a settlement whenever possible." *Dep't of Pub. Advocate v. N.J. Bd. Of Pub. Util.*, 206 N.J.Super. 523, 528 (App. Div. 1985).  Nevertheless, courts should not enforce "[a] settlement . . . 'where there appears to have been an absence of mutuality of accord between the parties and their attorneys in some substantial particulars, or the stipulated agreement is incomplete in some of its material and essential terms.'" *Bistricer v. Bistricer*, 231 N.J. Super. 143, 147 (Ch. Div. 1987) (quoting *Kupper v. Barger*, 33 N.J. Super. 491, 494 (App. Div. 1955)).

3

Moreover, under New Jersey law, as long as "the parties orally agree on the essential terms," a contract is formed. *McDonnell v. Engine Distributors*, Civil Action No. 03-1999, 2007 WL 2814628, *3 (D.N.J. Sept. 24, 2007). This is true "'even though [the parties] contemplate the later execution of a formal document to memorialize their undertaking.'" *Id*. (quoting *U.S v. Lightman*, 988 F. Supp. at 459. "Indeed, as long as those essential terms are agreed to, 'the settlement will be enforced notwithstanding the fact that a writing does not materialize because a party later reneges.'" *Id.* (quoting *Lahue v. Pio Costa*, 623 A.2d 775, 788 (App. Div. 1993). In the context of settlement negotiations, "the fact the written document was never executed is irrelevant to the enforceability of the agreement." *U.S. v. Lightman*, 988 F. Supp. at 459; *see also*, *Pascarella v. Bruck*, 190 N.J. Super 118, 126 (App. Div. 1983) (*citing Berg Agency v. Sleepworld-Willingboro, Inc.*, 136 N.J. Super. at 374; and *Comerate v. Comerata v. Chaumount Inc.*, 52 N.J. Super. 299, 305 (App. Div. 1958)). Thus, even oral settlement agreements are valid and enforceable. *Pascarella v. Bruck,* 190 N.J. Super. 118 (App. Div. 1983). *cert denied*, 94 N.J. 600 (1983).

Under these principles, it is clear that the parties to the instant litigation reached an enforceable settlement on July 7, 2008 which was later memorialized in a written, albeit unsigned, settlement agreement. Plaintiffs admit that they "tentatively agreed to settle, but their doubts lingered about the non-viability of their claims." *Id*. at 8. "Plaintiffs assert that there is nothing preventing counsel from providing few to no options and incomplete and inaccurate information to Plaintiffs in order to induce them into accepting a settlement . . . [and] contend that this is what in fact occurred in this matter." *Id*. at 10. However, Plaintiffs' belief that they were inadequately represented and "induced into accepting a settlement" does not invalidate the

4

settlement established on July 7, 2008.  If Plaintiffs were in fact "induced" they have neither cited any authority that would support invalidating a settlement agreement based on such grounds nor produced any evidence of such inducement.  Rather, Plaintiffs have only produced emails that imply that Plaintiffs and their counsel had differing interpretations regarding the application of New Jersey law to the facts at issue.  Moreover, this exchange occurred on July 15, 2009, after the essential terms of the settlement had been negotiated.

Finally, Plaintiffs assert that the settlement is not binding because the Settlement Agreement was not executed.  Plaintiffs claim that the Settlement Agreement was "negotiated between counsel without the input or ultimate agreement of Plaintiffs" and that the email exchanges between Plaintiffs' counsel and FNB did not result in a meeting of the minds since the parties did not agree on "the merits of the case".  (Pls.' Reply Br. at 11).

The Court is not persuaded by Plaintiffs' characterization of their acceptance of FNB's offer as "tentative" because nothing in the record corroborates that Plaintiffs' agreement to settle was conditional or that Plaintiffs reserved their right to withdraw acceptance at a later time.  To the contrary, the email from Ms. Sarnelli to Ms. Zippilli, dated July 7, 2008, states unequivocally, "[m]y client is willing to accept $5,000 to settle."  Likewise, the Affidavit of Alberto Rivas, filed July 16, 2008 [dkt. entry no. 45-2] states that Plaintiffs authorized the settlement, subsequently reconsidered their decision, and directed counsel to repudiate the agreement.  Plaintiffs have not denied these basis facts.  Thus, there does not appear to be any factual or legal justification to set aside the settlement.

A "contract is enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms." *U.S. v. Lightman* 988 F.Supp at 458.  As such, an oral

5

agreement as to the essential terms of a settlement is valid even though the parties intend to reduce their agreement to a formal writing at a later time. *Williams v. Vito*, 365 N.J. Super. 225 (Law Div. 2003). In the instant matter, Plaintiffs' counsel accepted FNB's settlement offer of $5,000 on behalf of Plaintiffs on July 7, 2008. *See* (Zippilli Cert., Ex. A.) The detailed terms of the settlement were later set forth in a written Settlement Agreement. Plaintiffs have not provided the Court with any documentation evidencing a dispute as to the essential terms of the settlement.

The fact that Plaintiffs did not execute the written Settlement Agreement is irrelevant to its enforceability. *See e.g. U.S. v. Lightman*, 988 F. Supp. at 459 (holding that a written document is irrelevant in the context of settlement agreements); *see also Pascarella v. Bruck* 190 N.J. Super. 118 (App. Div. 1983) (finding oral agreements enforceable and binding). During oral argument, it was clear to the Court that FNB negotiated and entered a binding settlement in good faith with Plaintiffs' counsel and had no reason to believe that there was any wariness on the part of Plaintiffs themselves with regards to the settlement. The Court believes that Plaintiffs' arguments that they were not copied on the email exchanges between Ms. Sarnelli and Ms. Zippilli and that the written Settlement Agreement was never executed are immaterial since the Court is convinced that Plaintiffs' counsel did not act unilaterally and without authorization to bind Plaintiffs to the material settlement terms in this matter.

Accordingly, the Court finds that a valid settlement agreement was achieved by Plaintiffs' acceptance of FNB's offer of $5,000 in full satisfaction of their claims, despite the fact that Plaintiffs appear to have changed their minds regarding acceptance of the settlement more than a week after the agreement was reached. Under New Jersey law, this Court must enforce the

agreement despite Plaintiffs' change of heart.  *See U.S. v. Lightman*, 988 F.Supp. 488 (D.N.J. 1997) (holding a settlement agreement enforceable despite a change of mind).  For these reasons, the Court recommends that FNB's Motion to Enforce the Settlement be granted.

### III. CONCLUSION

In consideration of the foregoing, it is respectfully recommended that Defendant's Motion for enforcement of a Settlement Agreement against Plaintiffs [dkt. entry. no. 75] be granted.

Local Civil Rule 72.1(c)(2) and Federal Rule of Civil Procedure 72(b) permits objections to this Report and Recommendation within ten (10) days after being served with a copy thereof.  Any party may respond to another party's objections within ten (10) days after being served with a copy thereof.  The Clerk of Court is directed to serve a copy of this Report and Recommendation on *pro se* Plaintiffs and Counsel for Defendant by <u>regular and certified mail</u>.

Respectfully submitted,

s/ *Douglas E. Arpert*
DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE

**DATED: July 14, 2010.**