**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALFONSO J. LONGO and JANET LONGO, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 07-4372 (MLC) |
| v. | : : | **O P I N I O N** |
| FIRST NATIONAL MORTGAGE SOURCES, et al., | : : : | |
| Defendants. | : : | |

**THE DEFENDANT** First National Bank ("FNB") having moved to enforce a settlement agreement against the plaintiffs, Alfonso J. Longo and Janet Longo ("plaintiffs") (dkt. entry no. 75); and the Magistrate Judge having (1) held a hearing on the motion on June 21, 2010, and (2) issued a Report and Recommendation ("R&R") on July 14, 2010, recommending that the motion be granted (dkt. entry no. 85, R&R at 1); and the plaintiffs having filed a timely objection to the Magistrate Judge's R&R pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Civil Rule 72.1(c)(2) (dkt. entry no. 92); and FNB opposing the objection (dkt. entry no. 95); and

**IT APPEARING** that pursuant to Federal Rule of Civil Procedure 72(b)(3) and Local Civil Rule 72.1(c)(2), because an order enforcing a settlement is dispositive, the Court must make a de novo determination of those portions to which objection is

made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge; but the Court noting it need not conduct a new hearing or take new evidence in making this de novo review, and it may consider the record developed before the Magistrate Judge and make a determination on the basis of that record, Fed.R.Civ.P. 72(b)(3); L.Civ.R. 72.1; and

**PLAINTIFFS** objecting to the R&R and maintaining that they "never voluntarily agreed to release [FNB] and that there was no meeting of the minds" regarding this settlement (dkt. entry no. 92, Pl. Obj. at 3); and the plaintiffs stating that they "never believed there was a settlement" and that their counsel did not explain that they were agreeing to release First National Bank (id. at 4); and the plaintiffs further objecting to the Magistrate Judge's finding that the essential terms of the settlement had been negotiated and state that those terms, in fact, were not negotiated (id. at 5); and the plaintiffs arguing that their counsel informed them that the Court was going to release FNB, not that they were agreeing to release FNB by entering into the agreement (id.); and the plaintiffs further stating that their counsel did not mention the words settlement or settle to them (id. at 7); and the plaintiffs objecting to the Magistrate Judge's finding that it was clear during oral argument that FNB negotiated and entered a binding settlement in good faith with

2

the plaintiffs' former counsel (<u>id.</u> at 7); and the plaintiffs
further stating that FNB also did not believe it entered into a
final settlement agreement because it did not "have . . . a check
cut and sent" to them (<u>id.</u> at 8); and the plaintiffs stating that
FNB's failure to move to enforce this settlement at an earlier
date "demonstrates that defense counsel does not believe any
binding agreement was reached" (<u>id.</u>); and the plaintiffs arguing
that the alleged settlement here was based on deception and abuse
of confidential relationship (<u>id.</u> at 9-10); and

**THE COURT** noting the "[s]tate law governs the construction
and enforcement of settlement agreements in federal court,"
<u>Metropolitan Life Ins. v. Hayes-Green</u>, No. 07-2492, 2008 WL
2119976, at *1 (D.N.J. May 20, 2008); and the Court noting that
the strong public policy in New Jersey favoring settlement
agreements, <u>Brundage v. Estate of Carambio</u>, 951 A.2d 947, 961-62
(N.J. 2008); and the Court further noting that, absent compelling
circumstances, courts should "strain" to uphold settlements, <u>see</u>
<u>Zuccarelli v. State</u>, 741 A.2d 599, 604 (N.J. App. Div. 1999);
<u>Bistricer v. Bistricer</u>, 555 A.2d 45, 49 (N.J. Super. 1987); <u>see</u>
<u>also</u> <u>Borough of Haledon v. Borough of N. Haledon</u>, 817 A.2d 965,
975 (N.J. App. Div. 2003) (finding an agreement to settle is a
contract, which a court, absent a demonstration of fraud or other
compelling circumstances, should honor and enforce); <u>Pascarella</u>
<u>v. Bruck</u>, 462 A.2d 186, 191 (N.J. App. Div. 1983) (finding an

3

oral agreement as to the essential terms of the agreement is
valid even if the parties intend to later execute the formal
written document); and

**THE COURT** finding, in accordance with the Magistrate Judge's
R&R and New Jersey law, that on July 7, 2008, a binding
settlement was formed between the parties (see R&R at 4); and the
Court noting that plaintiffs' former counsel stated in an email
to FNB's counsel on July 7, 2008, "[m]y client is willing to
accept $5000 to settle" (Motion to Enforce, Zippilli Cert., Ex.
A, 7-7-08 Email); and the Court further finding that the record
reveals that the plaintiffs admit that they "tentatively agreed
to settle" but nothing else in the record demonstrates that this
agreement was "tentative" as the plaintiffs' counsel stated
unequivocally that the plaintiffs were willing to settle; and the
Court thus finding that there was an oral agreement as to the
essential terms of the settlement; and the Court finding that the
plaintiffs appear to have changed their minds regarding the
acceptance of the settlement after they had authorized entering
into such agreement; and the Court noting that plaintiffs' former
counsel withdrew because the plaintiffs sought to repudiate an
agreement made with their authority; and the Court noting that
the plaintiffs state that they were misled by their counsel to
believe that the Court was going to release FNB, but the
plaintiffs stated in an email to counsel on July 15, 2008 that

4

they "disagree with [counsel's] decision to release [FNB].  After careful consideration we do not want the money they have offered" (dkt. entry no. 68, Pl. Resp., Ex. 89, 7-15-08 Email (emphasis added)); and the Court thus finding that the plaintiffs entered into a settlement agreement but later changed their minds regarding the acceptance of the agreement, and thus the Court must uphold the settlement agreement, see U.S. v. Lightman, 988 F.Supp. 448, 463 (D.N.J. 1997) (stating that settlement agreement is enforceable despite one party's change of heart); and

THE COURT having thoroughly reviewed the R&R, the objection to the R&R (dkt. entry no. 92), FNB's response to the objection (dkt. entry no. 95), the plaintiffs' reply (dkt. entry no. 97), and the record before the Magistrate Judge; and the Court finding that plaintiffs' objection is without merit; and

THE COURT thus intending to (1) adopt the Magistrate Judge's R&R (dkt. entry no. 85) as the findings of fact and conclusions of law of this Court, (2) deny the plaintiffs' objection to the R&R (dkt. entry no 92), (3) grant FNB's motion to enforce settlement agreement (dkt. entry no. 75); and for good cause appearing, the Court will issue an appropriate order.

                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

Dated:    August 10, 2010